UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:14-cv-14413-RLR

HAROLD LAXMAN and LINDA LAXMAN,

    Plaintiffs,

v.

SAFECO INSURANCE COMPANY OF ILLINOIS,

    Defendant.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

THIS CAUSE is before the Court on Defendant's Motion to Dismiss Count III of Plaintiffs' Complaint [DE 3]. The Court has reviewed the Motion, Plaintiffs' Response, and the documents in the case file, and is otherwise fully advised in the premises. For the reasons set forth below, Defendant's Motion is granted in part and denied in part.

### I.    BACKGROUND

On November 7, 2013, Harold Laxman and his wife, Linda Laxman, were involved in an automobile collision. DE 1 Ex. 2 ¶¶ 3, 5. According to the Laxmans, the driver of the other vehicle negligently caused the accident, causing Harold Laxman, the operator of the vehicle, and his wife, Linda Laxman, the passenger in the front seat, to sustain severe bodily injuries. *Id.* ¶¶ 5, 7–9. At the time of the accident, the Laxmans were insured under an automobile insurance policy issued by Safeco Insurance Company of Illinois that contained uninsured motorist coverage. *Id.* ¶ 6.

In their Complaint, the Laxmans allege that Defendant improperly refused to pay the uninsured motorists benefits in connection with the damages they sustained as a result of the

accident. Specifically, the Laxmans assert a claim for benefits allegedly owed to them under the insurance policy (Count I, *id.* ¶¶ 10–14) and a claim for insurer bad faith pursuant to § 624.155, Fla. Stat., (Count III, *id.* ¶¶ 20–22). Linda Laxman also asserts a claim against Defendant for loss of consortium (Count II, *id.* ¶¶ 15–19). Presently before the Court is Defendant's Motion to Dismiss Count III of Plaintiffs' Complaint. For the reasons discussed below, Defendant's Motion is granted in part and denied in part.[1]

## II. DISCUSSION

Defendant argues that Count III of the Complaint should be dismissed on the grounds that Plaintiffs have failed to allege that they have filed a Civil Remedy Notice of Insurer Violation and that the cause of action for bad faith is not ripe. Each of Defendant's arguments is considered in turn.

### A. Failure to File a Civil Remedy Notice

Defendant argues that Count III of the Complaint should be dismissed for Plaintiffs' failure to allege that they have filed a Civil Remedy Notice and failure to permit the carrier 60 days following the filing to cure any alleged violation, as per Florida Statute § 624.155(3). Where a plaintiff has not filed a civil remedy notice of insurer violation against the defendant, any purported bad faith claim is not ripe and subject to dismissal. *See Lopez v. Geico Cas. Co.*, 968 F. Supp. 2d 1202, 1208 (S.D. Fla. 2013) ("As a condition precedent to filing an action for statutory insurer bad faith pursuant to Fl. Stat. § 624.155, an insured must file a CRN with the Department of Financial Services and serve same upon the insurer."). Defendant argues Plaintiffs have failed to allege that they have satisfied these conditions precedent.

---

[1] The Court notes that Plaintiffs have made requests related to discovery and the amendment of their Complaint in their Response. *See* DE 12 at 3, 4. If Plaintiffs still wish the Court to address these issues, they may file separate Motions with the Court.

2

In the Complaint, Plaintiffs allege that all conditions precedent have occurred or have been performed. DE 1 Ex. 2 ¶ 2. As the filing of a Civil Remedy Notice is a condition precedent to a bad faith claim, the Court concludes that Plaintiffs have, in fact, alleged that a Civil Remedy Notice was filed. Moreover, it appears that a Civil Remedy Notice was *actually* filed in the instant case. The Court takes judicial notice of the Laxman's Civil Remedy Notice filed with the Department of Financial Services, which was attached as an Exhibit to Plaintiffs' Response. *See Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006) (per curiam) ("Public records are among the permissible facts that a district court may consider."); *Porcelli v. OneBeacon Ins. Co.*, 635 F. Supp. 2d 1312, 1314–15 (M.D. Fla. 2008) (taking judicial notice of Civil Remedy Notice in a similar case). Therefore, the Court rejects as moot Defendant's first argument. Thus, the only remaining issue is whether Count III should be abated or dismissed as premature.

### B. Bad Faith (Count III)

Defendant alleges that the claim for bad faith is premature because no determination of Defendant's liability under the insurance policy has occurred and this determination has not been resolved in Plaintiffs' favor. Plaintiffs concede that the bad faith count should be abated, but not dismissed. Defendant acknowledges that abatement may be appropriate as long as the case remains in federal court and Defendant will not suffer prejudice by way of an abatement.

Under Florida law, an insurer's liability under an insurance policy must first be established before an insured may assert a claim for bad faith. *See Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991) ("[A]n insured's underlying first-party action for insurance benefits against the insurer necessarily must be resolved favorably to the insured before the cause of action for bad faith . . . can accrue."); *Vest v. Travelers Ins. Co.*, 753 So. 2d

1270, 1276 (Fla. 2000). Due to the fact that the insured's action for coverage is pending and has not been resolved in Plaintiffs' favor, the action for bad faith has not accrued and is premature.

A premature bad faith claim may be either dismissed without prejudice or abated until the underlying action is resolved. *See Landmark Am. Ins. Co. v. Studio Imports, Ltd., Inc.*, 76 So. 3d 963, 964–65 (Fla. Dist. Ct. App. 2011) ("The trial court can decide to either dismiss the bad faith claim without prejudice or abate the claim until the underlying breach of contract issue is resolved."). The claim may be abated in the interest of judicial economy. *See Gianassi v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-1078-Orl-31TBS, 2014 WL 4999443, at *3 (M.D. Fla. Oct. 7, 2014) ("Because abatement offers at least the possibility of increased judicial efficiency for those bad faith claims that do become ripe, [the bad faith claim] will be abated rather than dismissed."). Here, the Court finds that judicial efficiency weighs in favor of abatement and not dismissal. Accordingly, the Court exercises its discretion to abate Count III of the Complaint.

### III.   CONCLUSION

For all of the foregoing reasons, the Court finds that Count III of Plaintiff's Complaint is premature. It is therefore **ORDERED AND ADJUDGED** that the Defendant's Motion to Dismiss Count III of Plaintiffs' Complaint is **GRANTED IN PART AND DENIED IN PART**. Count III is hereby abated pending accrual of Plaintiffs' cause of action for insurer bad faith.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 25th day of February, 2015.

Copies furnished to:  
Counsel of record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE